UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW LEE,

        Plaintiff,

v.

UNKNOWN PALUS, ERICA HUSS,
LORENZO LOWERY, J. WOHLFERT,
WILLIE O. SMITH, and
RICHARD STAPLETON,

        Defendants.
        _____/

Case No. 4:04-CV-51

Hon. Gordon J. Quist

## OPINION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is before the court on defendants' motion to dismiss pursuant to Fed. Rules Civ. Proc. 12(b)(6) or for summary judgment pursuant to Fed. Rules Civ. Proc. 56(b) (docket no. 33) and plaintiff's motion to dismiss defendants' motion and for summary judgment (docket no. 49).

### Discussion

        Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). "[T]o state a claim under section 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the 'Constitution and laws' of the United States, and (2) plaintiff must show that the defendant deprived

him of this federal right 'under color of law.'" *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988).

Plaintiff's claims arise from an incident that occurred on September 23, 2003. On that date, plaintiff Matthew Lee (no. 245310) was scheduled for hearings on several major misconducts. Amend. Compl. at ¶ 3. However, he was not asked to attend the hearings. *Id.* at ¶¶ 3-4. Rather, defendant corrections officer Joseph Wohlfert asked another prisoner sharing plaintiff's surname (Lee) to attend the hearing, and the other prisoner, Lamaicra Lee (no. 153936) refused to appear. *Id.* at ¶ 4. Plaintiff alleges that two defendants, Wohlfert and hearing officer Palus, caused him to miss his hearing. *Id.* at ¶¶ 5-6. Plaintiff also alleges that two other defendants, Office of Policy and Hearings ("OPH") Administrator Richard Stapleton and Warden Willie O. Smith, are responsible for the inefficient mail delivery service at the correctional facility. *Id.* at ¶¶ 7-8. Due to this inefficient mail system plaintiff was unable to file a timely appeal in state court. *Id.* In addition, plaintiff alleges that two other defendants, Assistant Warden Erica Huss and Hearings Investigator Lorenzo Lowery, could have prevented the violation of his due process rights but they ignored the due process violation at the hearings. *Id.* at ¶¶ 15-19.

Plaintiff seeks the following remedies: expungement of the misconduct violations not resulting in the loss of good time; nominal, compensatory and punitive damages in the amount of $125,000; an order directing the Ingham Circuit Court to accept a judicial review of plaintiff's tickets resulting in the loss of good time; and an order directing the Michigan Department of Corrections (MDOC) hearings division to personally inquire whether prisoners wish to attend hearings rather than leaving that task to unit staff. *Id.* at p. 8.

Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983 (2002); *Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520, 122 S.Ct. at 986; *Booth*, 532 U.S. at 741, 121 S.Ct. at 1825. A district court must enforce the exhaustion requirement sua sponte. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.) (1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999). The exhaustion requirement, while not jurisdictional, is mandatory and must be addressed in the first instance by the district court in all prisoner civil rights cases before the merits of the case are addressed. *See Curry v. Scott*, 249 F.3d 493, 501 n.2 (6th Cir. 2001); *Wyatt*, 193 F.3d at 879; *Brown*, 139 F.3d at 1104.

The prisoner has the burden of demonstrating exhaustion of his available remedies. *See Brown*, 139 F.3d at 1104. A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available. *Id.* In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). In this regard, the Sixth Circuit has found that the district court is not required to hold evidentiary hearings on the issue of exhaustion or "spend a lot of time with each case just trying to find out whether it has jurisdiction to reach the merits." *Id.*

Defendants have moved to dismiss plaintiff's complaint for failure to exhaust administrative remedies and for summary judgment on various grounds. A threshold issue in this

case is whether plaintiff's claims are subject to the three-step grievance procedure adopted by the MDOC or are non-grievable major misconduct hearing results that are subject to a judicial appeal. Pursuant to MDOC Policy Directive 03.02.130, ¶ E, a prisoner may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement." If the claims are subject to the three-step exhaustion requirement, then plaintiff's claims are unexhausted. Plaintiff contends that his claims are not grievable because he has alleged "matters related to misconduct reports" and that he exhausted his administrative remedies by filing an administrative appeal. Amend. Compl. at ¶ 25. Plaintiff admits that he filed a grievance against defendant Wohlfert, but did not pursue the grievance because he was advised that his sole remedy was an administrative appeal. *Id.* By plaintiff's own admission, he did not appeal his grievance of defendant Wohlfert to Step II. In addition, there is no evidence that plaintiff filed grievances against defendants Palus, Huss, Lowery, Smith or Stapleton.

Plaintiff points out that certain issues are non-grievable. Policy Directive 03.02.130, ¶ F, provides in pertinent part as follows:

> Grievances that raise the following non-grievable issues . . . shall be rejected by the Grievance Coordinator:
>
> 1.   Decisions made in hearings conducted by hearing officers of the Hearings and Appeals Division of the Office of Policy and Hearings (OPH) and decisions made in minor misconduct hearings.

If such a grievance is rejected at Step I, then the prisoner "may appeal the rejection to the next step as set forth in this policy. A new grievance shall not be filed regarding the rejection." Policy Directive 03.02.130, ¶ H.

4

The appeal process for major misconduct hearings, such as plaintiff's September 23, 2003 hearing, is set forth in Policy Directive 03.03.105, ¶ DDD, which provides as follows:

> If the prisoner . . . disagrees with the results of a hearing, s/he may submit a request for rehearing to the OPH Administrator. No other staff may request a rehearing from the OPH Administrator. The request must be submitted, using a Request for Rehearing (CJS-418), within 30 calendar days after a copy of the Misconduct Hearing Report is received. The Request for Rehearing form shall be available to prisoners upon request from the hearing officer or housing unit staff. A copy of the Misconduct Report and Misconduct Hearing Report being appealed shall be attached to the Request for Rehearing when submitted.

In *Mullins v. Smith*, 14 F. Supp. 2d 1009 (E.D. Mich. 1998), the court summarized the non-grievable nature of major misconduct hearing decisions:

> Plaintiff has submitted a copy of a request for a rehearing. Decisions made in hearings by hearings officers are non-grievable. Therefore, plaintiff could not have filed meaningful grievances concerning his major misconduct hearing results. A prisoner may appeal the results of a request for a rehearing to the appropriate State Circuit Court, as set forth in MCLA § 791.255. However, this is a judicial, not an administrative, remedy. Consequently, it appears that plaintiff exhausted his state administrative remedies.

*Mullins*, 14 F. Supp. 2d at 1012.[1]

The record reflects that plaintiff was found guilty of the following major misconduct violations at five hearings held on September 23, 2003: destruction or misuse of property with a

---

[1] MCL § 791.255 provides a procedure by which a prisoner may seek judicial review of a final decision or order of a hearings officer. The procedure includes filing a motion or application for a rehearing "in order to exhaust his or her administrative remedies before seeking judicial review of the final decision or order." MCL § 791.255(1). Then, "[w]ithin 60 days after the date of delivery or mailing of the notice of the decision on the motion or application for the rehearing, if the motion or application is denied or within 60 days after the decision of the department or hearing officer on the rehearing," the prisoner may file an application for direct review in the circuit court in the county where the prisoner resides or in the Ingham County Circuit Court. MCL § 791.255(2). The circuit court may then affirm, reverse or modify the hearing decision, or remand the case for further proceedings.

value of $10 or more (2 counts), disobeying a direct order (4 counts) and insolence (1 count). Stapleton Aff. at ¶ 3 and attachments thereto. Plaintiff submitted timely appeals by filing five requests for rehearing, which were received in the OPH on October 6, 2003. *Id.* at ¶ 4. Plaintiff's requests were reviewed and disapproved on January 13, 2004. *Id.* Plaintiff filed his original complaint on April 7, 2004, naming as defendants Hearing Officer Palus, Assistant Warden Erica Huss and Hearings Investigator Lorenzo Lowery. *See* docket no. 1. Plaintiff filed an amended complaint on June 2, 2004, naming as additional defendants OPH Administrator Richard Stapleton, Warden Willie Smith and Officer Joseph Wohlfert. *See* docket no. 6.

The court concludes that plaintiff exhausted his administrative remedies with respect to defendant Palus' hearing decisions when he filed a request for a rehearing. Defendants contend that this claim is unexhausted because although Palus rendered the hearing decisions, the claims asserted against Palus do not rest on the hearing decisions "but instead, on allegations that Palus negligently performed his job by failing to provide plaintiff's prison identification number when telling an officer to ask plaintiff if he wanted to attend the hearings." Defendants' Brief at 6. The court disagrees with defendants' contention. Plaintiff was not notified of the hearings and did not attend the hearings. The hearing decisions were based, at least in part, on plaintiff's failure to appear and make a statement in his defense. The hearing officer's failure to give plaintiff an opportunity to appear at the hearings directly affected the outcome of the decisions. Accordingly, the court concludes that plaintiff exhausted his administrative remedies when he sought a rehearing. *See* Policy Directive 03.03.105, ¶ DDD*; Mullins*, 14 F. Supp. 2d at 1012.

The court, however, disagrees with plaintiff's contention that the rest of his claims are related to the non-grievable hearing decisions. In addition to contesting the hearing decisions,

6

plaintiff is contesting the actions of defendant Wohlfert for failing to notify him of the hearing, defendants Stapleton and Smith for inadequate mail service at the correctional facility, and defendants Huss and Lowery for their actions occurring after the hearing. In his grievance filed against defendant Wohlfert, plaintiff alleged that Wohlfert did not ask him if he wanted to go to the major misconduct hearing, because Wohlfert asked the wrong prisoner named "Lee" to attend the hearings. *See* Grievance ICF 0909188717Z, attached to Compl. The grievance was received and reviewed. *See* Response to ICF 0909188717Z. The reviewer concluded that "[t]hru [sic] no fault of his own or of Officer Wohlforts [sic], Lee 245310 did not get to attend the hearing on his major misconduct." *Id.* The reviewer further stated, "[p]risoner Lee has a right to file a Request for Rehearing (CSJ 418) within 30 days of receiving the Hearing Report per Michigan Department of Corrections (MDOC), Policy Directive 03.03.105." *Id.* Plaintiff did not appeal this decision to Step II. While the grievance reviewer suggested that plaintiff file a request for a hearing, the grievance against defendant Wohlfert was not rejected as a non-grievable hearing decision pursuant to Policy Directives 03.03.105, ¶ DDD or 03.02.130, ¶ F, *supra*. Furthermore, plaintiff did not file grievances against defendants Stapleton, Smith, Huss and Lowery, whose actions were not part of the hearing decision. Accordingly, his claims against the remaining five defendants are unexhausted.

    Plaintiff's complaint includes both exhausted and unexhausted claims and is subject to the "total exhaustion" rule. Under this rule, the presence of unexhausted claims results in the dismissal of the entire action without prejudice. *Bey v. Johnson*, 407 F.3d 801, 805-09 (6th Cir. 2005). Accordingly, plaintiff's complaint should be dismissed without prejudice.[2]

---

[2] The court notes that some of plaintiff's claims related to the hearing decisions appear moot. The record reflects that after obtaining an affidavit from Officer Wohlfert, Mr. Stapleton ordered rehearings. Stapleton Aff. at ¶ 6. Then, on November 16, 2004, Mr. Stapleton reversed the hearing officer's decisions

**Conclusion**

For the reasons set forth above, defendants' motion to dismiss or for summary judgment (docket no. 33) will be GRANTED and plaintiff's motion to dismiss defendants' motion and for summary judgment (docket no. 49) will be DENIED. Plaintiff's complaint will be dismissed without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). A judgment will be entered consistent with this opinion.


Dated: September 15, 2005              /s/ Gordon J. Quist
                                       GORDON J. QUIST
                                       UNITED STATES DISTRICT JUDGE

---

and directed expungement of the decisions from the MDOC's records. *Id.*